Joseph A. Cox, S.
The question with which we are here concerned is whether the adopted children of the decedent’s granddaughter are issue who qualify as remaindermen of the trust created by the testatrix for the benefit of her granddaughter. The testatrix in paragraph Seventh of her will created a trust of $250,000 for the life of her granddaughter Lois Levy, and provided that upon her death the corpus of the trust be paid over to the issue of Lois then living or in default of issue to her son Donald (Lois’ father), or if he is not then living to his issue then living or in default of issue equally to a named nephew and niece and their issue per stirpes.
It has been stipulated that the decedent’s son Donald and the decedent’s sister Cora D. Simon if called upon would testify to the following facts: The decedent knew that her granddaughter Lois and her husband, who had been married since 1953, could not have any children. The adopted child Diane was referred to by the decedent “ as one of my children ” and “ just as one of my own During her lifetime the decedent made monthly gifts of United States Series E Bonds to the granddaughter and the adopted child. After the adoption of Diane the decedent knew that Lois and her husband were seeking to adopt another child and she urged them to do this. In the Fall of 1959 the decedent expressed a desire to change her will in order to make new provisions for her granddaughter Lois and the latter’s adopted child. The decedent sometime later advised her sister Cora and her son Donald that she had made a will which took good care of the adopted child Diane, and any other children that Lois might adopt. At no time did decedent’s son or his mother, the testatrix ever consider adopting children.
Lois, the decedent’s granddaughter, is the only child of the decedent’s son Donald and in a prior "will which antedates the adoption the decedent had made a bequest to "Lois of $25,000. No provision or paragraph was contained in the prior will with respect to adopted children.
*1065 The special guardian who represents infants who are possible alternate contingent remaindermen if Lois dies without issue and her father Donald predeceases her without issue concedes that this would be the testimony adduced if a hearing were held but objects to such testimony insofar as it relates to statements of the testatrix to her sister and Donald concerning the provisions of her will and statements of her intentions regarding the same.
The objection of the special guardian with respect to the oral declarations of the decedent as to her intent is well taken and is sustained (Matter of Powers, 85 N. Y. S. 2d 607). However, without consideration of these direct declarations of intent, the stipulation of facts, nevertheless, contains much testimony of the background facts which existed when the will was drawn and as these facts are necessary to enable the court to determine the true intent of the testatrix they are admissible. As stated by Surrogate Deeehanty in Matter of Powers (supra, p. 609): “ While resort to express declarations is rarely permitted proof of background facts is regularly taken because such facts bear directly on the actual meaning of the words used in the will as deceased understood them. The courts go far to seek a testator’s meaning in the background facts rather than take oral declarations which might involve the peril of making oral wills. ’ ’
Testimony of a similar nature was admitted and considered by the court in Matter of Upjohn (304 N. Y. 366) and the facts in the case at bar fall peculiarly within the facts ruled upon in Matter of Upjohn (supra). As in that case the testatrix in the case at bar knew of her granddaughter’s inability to bear children, knew of the adoption, and was on intimate terms with her granddaughter and her family. The testimony of the decedent’s son is actually against his own interest as he is the first person named as alternate remainderman if his daughter should die without issue and the decedent’s sister Cora is a person not interested in the estate other than as the beneficiary of a trust created for her benefit which cannot be affected by the outcome of this construction proceeding. Thus the testimony insofar as it relates to the background facts is clearly admissible (Matter of Powers, supra ; Matter of Upjohn, supra).
Were these the only facts involved the court under the authority of Matter of Upjohn (supra) and Matter of Day (10 A D 2d 220) could clearly resolve the problem by ruling that the word “issue” as used by this testatrix included all children that might be adopted by her granddaughter. (See, also, Matter of Ward, 9 A D 2d 950.)
*1066 However, the instant case is further complicated by reason of paragraph Eighth of the decedent’s will which reads as follows: ‘1 eighth : Wherever in this my Last Will and Testament I refer to ‘ issue ’, for the purpose of my Last Will and Testament ‘ issue ’ shall be deemed to include children adopted by me or by my natural children and the issue of such adopted children. ’ ’ It seems fairly obvious from all the background material submitted to this court that the clause was inserted for the very purpose of giving the status of issue to the granddaughter’s adopted children, but the precise language used serves to defeat this very purpose. The granddaughter’s adopted children are neither children adopted by the decedent, nor children adopted by the decedent’s natural children, nor are they issue of adopted children.
In addition to her son Donald the testatrix had another child, a daughter named Elma Klopfer now 65 years of age who has been incompetent for the past 50 years and is now a patient at the Saint Vincent’s Hospital in Harrison, New York. In the decedent’s will the incompetent daughter was provided for by a separate trust for her benefit which was to be added to an inter vivos trust created by the decedent for her incompetent daughter in 1935. It is apparent that when the decedent used the words “adopted by me or by my natural children” in paragraph Eighth she could not have been referring to children which might be adopted by her incompetent daughter. In addition it hardly seems probable that the decedent who was 87 years of age at the time the will was executed contemplated the adoption of children or that her son Donald who was 57 years of age at that time and had a married daughter contemplated the adoption of any children. Adoption of children by persons of the age of the decedent and her son is entirely contrary to this court’s knowledge of human behavior.
The intent of the decedent is plainly apparent and the insertion of the clause referring to adopted children was made only for the purpose of assuring that her granddaughter’s adopted children or any children that she might thereafter adopt would be treated as “issue”. To make any other finding would be to reach a conclusion which is; absurd and where the intent of the,, testatrix is plainly apparent strict interpretation of the language'of the will cannot be sustained. (Matter of Kear, 133 App. Div. 265 Matter of Selner, 261 App. Div. 618, affd. 287 N. Y. 664.) As saidnbf' the Court of Appeals in Matter of Englis (2 N Y 2d 395, 402) A“ There are, of course, situations where common sense and justice require that the courts correct situations resulting from obvious error or omissions in wills.” Such *1067 is the situation in the case at bar. It is impossible to conceive that the testatrix intended the word ‘ ‘ issue ’ ’ to include children of adopted children and not to include the adopted children of her granddaughter whom she knew and loved.
Where the intent of the testator is clear and no fraud is involved section 115 of the Domestic Relations Law will not serve as a bar against adopted or after adopted children taking as remaindermen (Matter of Ward, supra; Matter of Day, supra).
The court finds that it was the intent of the testatrix to include adopted children of her granddaughter Lois as “ issue ” and that upon the death of the granddaughter Lois such adopted children are the remaindermen of the trust created under paragraph Sevehth of testatrix’ will.